UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § § | |
| Plaintiff | § § | |
| vs. | § § | NO. SA-14-CR-172-DAE |
| **LEA ANN BLYSTONE, ET AL,** | § § § | |
| Defendants. | § § § | |

## NON-PARTY GOOGLE INC.'S MOTION TO QUASH WITNESS SUBPOENA

### I.   INTRODUCTION & FACTUAL SUMMARY

The Government has issued a subpoena to Google seeking testimony at the trial in this matter.  *See* Exhibit 1 to the Declaration of Despina Papageorge ("Papageorge Decl.").  Google understands the purpose of the Government's subpoena is to establish the interstate nexus of Defendant's alleged wire fraud by obtaining evidence that Google did not have servers in Texas during the relevant time period, and thus any Gmail communications necessarily crossed state lines.  As an initial matter, such evidence is unnecessary to establish the interstate element of wire fraud.  *See U.S. v. Fumo*, No. 06–319, 2009 WL 1688482, at *9 (E.D. Pa. June 17, 2009) ("As Congress may regulate both the use of the channels of interstate commerce and instrumentalities of interstate commerce, even if the threat may come only from intrastate activities, the Court finds that Defendant Fumo's use of the Internet to send the charged e-mails satisfies the 'interstate commerce' element of the wire fraud statute.").

Nevertheless, Google has provided an affidavit attesting to the fact that no records have been found reflecting that Google had Gmail servers in Texas during the relevant time frame.  *See* Exhibit 2 to Papageorge Decl.  This evidence is not subject to a hearsay objection unless

Defendant "show[s] that the possible source of the information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(7)(C). Nor can Defendant argue that admission of this evidence by affidavit will violate any Sixth Amendment confrontation rights. *See United States v. Wilson*, 732 F.2d 404, 413 (5th Cir. 1984) (admitting affidavit of non-existence of records over Confrontation Clause objection); *U.S. v. Munoz-Franco*, 487 F.3d 25, 38-39 (1st Cir. 2007) ("If business records are nontestimonial, it follows that the absence of information from those records also must be nontestimonial" and "the Confrontation Clause presents no bar to reliance on the absence of certain information from" business records). Accordingly, for these reasons and those stated further below, Google asks the Court to quash the government's subpoena.

## II.   ARGUMENT

Federal Rule of Criminal Procedure 17(c)(2) permits a court to "quash or modify [a] subpoena if compliance would be unreasonable or oppressive." *See, e.g., U.S. v. Bergeson,* 425 F.3d 1221, 1227-28 (9th Cir. 2005) (upholding a district court order quashing a subpoena for testimony pursuant to Fed. R. Crim. P. 17(c)(2)); *U.S. v. Washington*, No. CR 11–61–M–DLC, 2012 WL 3061519 (D. Mont. July 26, 2012) (granting motion to quash witness subpoena under Rule 17(c)(2)); *U.S. v. Weldon*, No. CRIM.A. 05-45-DLB, 2006 WL 905932, at *1 (E.D. Ky., Apr. 7, 2006) ("the Court has the inherent authority to review the propriety of trial subpoenas."). Here, the Government's subpoena is unreasonable and oppressive because it compels one of Google's California-based employees to travel halfway across the country in order to present less than one minute of live testimony regarding evidence that is unnecessary, admissible via affidavit under Fed. R. Evid. 803(7) in any event, and not subject to any constitutional challenge.

A.  **Google's Testimony is Unnecessary to Establish the Interstate Element of Wire Fraud.**

Google understands the government seeks its testimony in order to establish the interstate element of wire fraud under 18 U.S.C. § 1343.  To the extent the government has evidence that Defendant used email in furtherance of the alleged crimes, which is a fact Google will not be asked to confirm, it does not need evidence regarding the absence of Gmail servers in Texas because use of email and the Internet is sufficient to satisfy the interstate commerce element of wire fraud.  *See U.S. v. Fumo*, No. 06–319, 2009 WL 1688482, at *9 (E.D. Pa. June 17, 2009) ("As Congress may regulate both the use of the channels of interstate commerce and instrumentalities of interstate commerce, even if the threat may come only from intrastate activities, the Court finds that Defendant Fumo's use of the Internet to send the charged e-mails satisfies the 'interstate commerce' element of the wire fraud statute."); *cf. United States v. Runyan,* 290 F.3d 223, 239 (5th Cir. 2002) (holding that proof of use of the Internet was sufficient to satisfy the interstate commerce element of the federal sexual exploitation of children statute); *U.S. v. Lewis,* 554 F.3d 208, 213-16 (1st Cir. 2009) (noting similarities between wire fraud statute and child pornography statute and holding that government proved interstate transmission occurred under the latter "because the prosecution introduced evidence that [Defendant] used the Internet.").  Accordingly, Google should not be compelled to send a witness halfway across the country for unnecessary testimony.

B.  **Google's Affidavit is Not Hearsay Under Fed. R. Evid. 803(7), and Does Not Violate Any Right to Confront Witnesses.**

Federal Rule of Evidence 803(7) provides an exception to the hearsay rule for matters that are absent from records of regularly conducted activity.  This exception applies where there is "[e]vidence that a matter is not included" in a business record, and

> **(A)** the evidence is admitted to prove that the matter did not occur or exist;
>
> **(B)** a record was regularly kept for a matter of that kind; and
>
> **(C)** the opponent does not show that the possible source of the information or other circumstances indicate a lack of trustworthiness.

Fed. R. Evid. 803(7).

Google's affidavit establishes that after a diligent search no records have been found reflecting that Google had Gmail servers in Texas during the relevant time frame. *See* Papageorge Decl. Ex. 2; *see also* Fed. R. Evid. 803(7)(A). The affidavit further establishes that Google makes and retains such records in the course of regularly conducted activity by Google as a regular practice, indicating that its business records would reflect servers in Texas if any had existed at the time. *Id.*; *see also* Fed. R. Evid. 803(7)(B). Google is not aware of any allegation of untrustworthiness, *see* Fed. R. Evid. 803(7)(C), and it is Defendant's "burden . . . to show that that the possible source of the information or other circumstances indicate a lack of trustworthiness." Advisory Committee Notes, 2014 Amendments to Rule 803(7). Accordingly, Google's affidavit satisfies all the elements for the hearsay exception codified in Rule 803(7).

Furthermore, this evidence is not objectionable under the Confrontation Clause. For example, in *United States v. Wilson*, the Fifth Circuit upheld the admission of such evidence via affidavit over the defendant's Confrontation Clause objection, noting that "[m]ost exceptions to the hearsay rule necessarily implicate an interruption of the right of confrontation", but "[t]hat fact alone does not bar use of otherwise relevant, material evidence which satisfies sufficient guarantees of trustworthiness and reliability." 732 F.2d 404, 413 (5th Cir. 1984).

Likewise, in *U.S. v. Munoz-Franco*, the First Circuit noted that "[i]f business records are nontestimonial, it follows that the absence of information from those records also must be nontestimonial" and "the Confrontation Clause presents no bar to reliance on the absence of certain information from" business records. 487 F.3d 25, 38-39 (1st Cir. 2007). In reaching this conclusion the First Circuit upheld the admission of an affidavit under Fed. R. Evid. 803(7) describing the trustworthiness of the business entity's record-keeping practices. *Id.* at 39-40. Moreover, courts have long upheld the admission of such evidence via affidavit under the analogous provision for the absence of public records in Fed. R. Evid. 803(10),[1] and an affidavit under Fed. R. Evid. 803(7) is appropriate under that rule's more relaxed foundational requirements. *See* CHRISTOPHER B. MUELLER & LAIRD C. KIRKPATRICK, 4 FEDERAL EVIDENCE § 8:85 (4th ed. 2014) (while "testimony seems necessary to satisfy the foundation requirements" under 803(7), "a certificate should suffice as well" because "the requirements are less strictly enforced in this context.").

Indeed, courts across the country have held that admission of business records via affidavit presents no Confrontation Clause issues, so there is no logic in requiring live testimony for the *absence of information* from those same records unless the Defendant demonstrates some cause to question the source of the information or that they are otherwise untrustworthy. *See, e.g., United States v. Towns*, 718 F.3d 404 (5th Cir. 2013) (rejecting Confrontation Clause challenge to admission of purchase logs produced by a pharmacy); *U.S. v. Yeley-Davis*, 632 F.3d 673, 677-81 (10th Cir. 2011) (rejecting Confrontation Clause challenge from defendant and upholding admission of phone records authenticated by 902(11)

---

[1] *See U.S. v. Lee*, 589 F.2d 980, 988-89 (9th Cir. 1979) (holding that affidavits from government officials were admissible over Confrontation Clause objection, and noting "that the majority of the courts, by far, which have considered the admission of negative records against the Sixth Amendment challenge have arrived at the same conclusion.") (collecting cases).

declaration from Verizon's records custodian); *U.S. v. Green,* 396 Fed. Appx. 573, 574-75, 2010 WL 3401485, at *2 (11th Cir. 2010) (same as to declaration from Metro PCS custodian) (summary order); *U.S. v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005) (requiring records custodians "to make themselves available for cross-examination in the countless criminal cases heard each day in our country would present a serious logistical challenge without any apparent gain in the truth-seeking process") (internal quotation marks omitted).[2]

### C. The Trial Subpoena Imposes a Burden on Google That Outweighs the Alleged Need for Testimony.

In assessing whether to enforce a witness subpoena under Federal Rule of Criminal Procedure 17, it is useful to look to precedent under Federal Rule of Civil Procedure 45, since the two are "substantially the same." Advisory Committee Notes, 1944 Adoption of Rule 17.

Under Federal Rule of Civil Procedure 45, "the test for 'undue burden' is a balancing test that pits the need of the party for the sought production against the interests of the subpoenaed witness in resisting compliance." *See* 9 James Wm. Moore et al., Moore's Federal Practice § 45.32 (3d ed. 2007) *citing Positive Black Talk, Inc. v. Cash Money Records, Inc.,* 394 F.3d 357, 377 (5th Cir. 2004); *Northwestern Mem'l Hosp. v. Ashcroft,* 362 F.3d 923, 927-28 (7th Cir. 2004); *Heidelberg Ams., Inc. v. Tokyo Seisakusho, Ltd.* 333 F.3d 38, 40 (1st Cir. 2003); *see also Schaaf v. SmithKline Beecham Corp.*, No. 3:06-CV-120-J-25TEM, 2006 WL 2246146, at *2-3 (M.D. Fla. Aug. 4, 2006) (applying balancing test in quashing non-party subpoena).

---

[2] There is also no requirement that Google produce voluminous records regarding its server locations simply to show the absence of records regarding servers in Texas during the relevant time period. *See U.S. v. De Georgia,* 420 F.2d 889, 893 (9th Cir. 1969) (unnecessary to "bring[] into court all of the documents involving similar transactions during the period in question to prove that there was no record of the transactions alleged not to have occurred[.]"); *see also* 4 Wigmore, Evidence § 1230 at 546 (Chadbourn rev. 1972) ("[T]estimony, by one who has examined records, that *no record* of a specific tenor is there contained is receivable instead of producing the entire mass for perusal in the courtroom.") (emphasis in original).

As described above, the Government cannot demonstrate an interest in enforcing the subpoena because use of email and the Internet is sufficient to satisfy the interstate commerce element of wire fraud. Even if the Court concludes otherwise, the government has no interest in proving that beyond that which has already been proven by Google's affidavit: no records have been found reflecting that Google had Gmail servers in Texas during the relevant time frame. Nor can Defendant demonstrate any need for live testimony from Google absent a showing that Google's record-keeping is untrustworthy. *See* Fed. R. Evid. 803(7)(C).

Google, on the other hand, can demonstrate a significant interest in opposing the subpoena. Specifically, Google maintains a dedicated team for responding to legal process. *See* Papageorge Decl. ¶ 2. Google's California-based team receives literally tens of thousands of requests for assistance on an annual basis. *Id*. The types of investigations that lead to these requests run the gamut from drug cases, kidnapping and other emergencies, to routine civil and criminal demands for records. *Id*. If Google is forced to send a witness (or witnesses) to attend each and every criminal trial in which interstate commerce is an issue, or in which its business records (or lack thereof) are offered as evidence, it would simply be impossible for Google to sufficiently staff its team. *Id*.

Accordingly, when the Government's tenuous interest in enforcing the subpoena is weighed against non-party Google's interest in seeing that it is not enforced, the balance favors Google.

### III.    CONCLUSION

For the reasons stated, Google respectfully request that the Court quash the trial subpoena issued by the government to Google in this matter.

Dated:  January 26, 2015                              Respectfully submitted,


  *s/ Wyatt Maxwell*
William Wyatt Maxwell
State Bar No. 24060240
wmaxwell@perkinscoie.com
Lead Attorney
Perkins Coie LLP
500 N. Akard Street Suite 3300
Dallas, TX 75201
Telephone:  214.965.7708
Facsimile:  214-965-7799

ATTORNEY FOR NON-PARTY
GOOGLE INC.

Dated:  January 26, 2015                              Respectfully submitted,


  *s/ Wyatt Maxwell*
William Wyatt Maxwell
State Bar No. 24060240
wmaxwell@perkinscoie.com
Lead Attorney
Perkins Coie LLP
500 N. Akard Street Suite 3300
Dallas, TX 75201
Telephone:  214.965.7708
Facsimile:  214-965-7799

ATTORNEY FOR NON-PARTY
GOOGLE INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed January 26, 2015, and that the United States and defense counsel were notified by electronic notification.

>/s/ Wyatt Maxwell_____
William W. Maxwell

**CERTIFICATE OF CONFERENCE**

Counsel for Google Inc., John R. Tyler, conferred with Assistant U.S. Attorney, William R. Harris regarding the witness subpoena that is the subject of the foregoing motion to quash, and upon request to withdraw the subpoena to avoid the motion, Mr. Harris indicated that the defense will not stipulate to the absence of Gmail servers in Texas during the relevant timeframe and that the United States therefore will not withdraw the subpoena.

>/s/ John R. Tyler_____
John R. Tyler
Counsel for Google Inc.